## WILLIAM GODDARD vs. HAZEN MITCHELL.

Where the obligor in a bond, conditioned to convey an undivided moiety of a mill on the payment of certain sums of money, has disenabled himself from performing on his part by conveying the land to another, although the obligee may be excused from tendering performance on his part, he cannot maintain an *action of assumpsit* to recover back the money paid.

In such case, to maintain assumpsit, on the ground that the obligor by his acts *had rescinded the contract*, the least that can be required, would be clear and unequivocal proof, that the defendant had rescinded the contract, *when the action was brought.*

If the obligor owns the whole mill, his making a mortgage of one undivided half thereof to a stranger, does-not furnish such proof.

THE action was assumpsit, and was brought, as the report of the case states, to recover payments made upon a contract alleged to have been rescinded. The writ was dated *Nov.* 3, 1836. At the trial, before SHEPLEY J., the plaintiff read as testimony an account between the parties, adjusted *Sept.* 15, 1836, showing, that the plaintiff had advanced to the defendant a large sum of money towards the building of a steam saw-mill. He introduced the copy of a mortgage deed from the defendant to *John T. Goddard* and *C. W. Cutter,* of one undivided half of the mill and land connected therewith to secure to them the amount of $12,944,62, dated *Oct.* 19, 1835; the copy of a deed dated *July* 3, 1836 from the defendant to *John T. Goddard* of one fourth part of the same premises in trust to pay to the *Portsmouth Iron Foundery Company* a debt due them; the copy of a deed, dated *Oct.* 18, 1836, from the defendant to *William Emerson,* of one half of said premises, subject to the mortgage to *John T. Goddard;* the copy of a deed from the defendant to *Emerson,* dated *Nov.* 25, 1836, of the other half of the premises, subject to the mortgage to *Goddard & Cutter.* He also introduced a bond, executed *May* 11, 1836, from the defendant to the plaintiff, obliging him to convey to the plaintiff one undivided half of said steam-mill and privileges, when the same should be completed, and the amount of the cost ascertained, and upon paying or securing to *Mitchell,* by the plaintiff one half of the costs of said steam saw-mill. Many letters between the parties were introduced, showing that the steam-mill was being built on joint account of plaintiff and defendant, and that the plain-

tiff was to own one half of it, when completed, and that the bond was executed for that purpose, and that the money advanced by the plaintiff was on that account. The defendant read an agreement signed by the plaintiff, dated *July* 22, 1836, assenting to the conveyance of *July* 3, 1836, to *John T. Goddard.*

Upon this testimony the plaintiff claimed to recover, because the defendant had disenabled himself to fulfil his contract by conveying away the whole estate, and the plaintiff therefore was entitled to rescind the contract. The defendant denied that the plaintiff had any claim upon him, without first performing on his part, according to the terms of the bond.

The action was then taken from the jury by agreement of the parties, and submitted to the decision of the Court, and judgment was to be rendered for the plaintiff, or for the defendant, according to their legal rights.

*W. P. Fessenden* and *Rowe* argued for the plaintiff, and cited *Van Benthuysen* v. *Crapser,* 8 *Johns. R.* 257 ; *Judson* v. *Wass,* 11 *Johns. R.* 525 ; 5 *Burr.* 2639 ; *Tucker* v. *Woods,* 12 *Johns. R.* 190 ; *Newcomb* v. *Brackett,* 16 *Mass. R.* 161 ; 1 *T. R.* 133 ; *Gillett* v. *Maynard,* 5 *Johns. R.* 85 ; 2 *W. Black. R.* 1078 ; *Chambers* v. *Griffith,* 1 *Esp. R.* 150 ; *Chapman* v. *Shaw,* 5 *Greenl.* 59 ; 1 *Caines,* 47 ; *Farrer* v. *Nightingal,* 2 *Esp. R.* 639 ; 2 *Com. on Con.* 52, 82 ; 7 *T. R.* 177.

*Rogers* argued for the defendant.

The opinion of the Court was drawn up by

WESTON C. J. — To secure to the plaintiff a conveyance of one half of the steam saw-mill, he had united in building with the defendant, the latter executed a bond to the plaintiff, dated *May* 11th, 1836. The advances previously and subsequently made by him, were covered by the condition of that bond. If the defendant has failed to perform on his part, the proper remedy for the plaintiff is upon that instrument. It is said this cannot be prosecuted, because the plaintiff has prevented the defendant from entitling himself to such an action, by performance on his part. If the plaintiff has thus prevented the defendant, performance by the latter would be excused, without defeating the appropriate action. So if the plaintiff, without justifiable cause, has vol-

untarily deprived himself of the power of fulfilment, a tender by the defendant may be excused. If therefore such is the fact, it is very questionable, whether assumpsit can be maintained, on account of the advances. The case, so far as this principle is involved, bears a near resemblance to that of *Charles & al.* v. *Dana,* 14 *Maine R.* 383, to which we refer.

The ground upon which it is insisted, that assumpsit for money had and received may lie is, that the defendant had rescinded the special contract, by conveying the property to which it refers to others. Admitting that this would change the remedy, which is not conceded, we are not satisfied that such was the fact, at the time of the commencement of the action. The defendant was then the owner of one half the property in question, subject to a mortgage to *Goddard* and *Cutter.* What the cost of the whole investment amounted to, does not appear. The amount to be paid by the plaintiff for his half was to be liquidated, as provided for in the condition of the bond, after the works should have been completed. If the plaintiff then paid or secured his half to the defendant, he was to be entitled to a deed. This payment might have enabled the defendant to discharge the mortgage. It does not appear, that the defendant would not have done this before the plaintiff was entitled to demand a deed, or that he might not have had it in his power to procure the release of the mortgagees, when the demand might be made. And this, with a conveyance from himself, would have saved the condition of the bond. *Brown* v. *Gammon,* 14 *Maine R.* 276. To justify the remedy by assumpsit, the least that could be required, would be clear and unequivocal proof, that the defendant had rescinded the contract, when the action was brought. This is so far from being true, that it could not then have been known, that he would not be ready to fulfil it, when the plaintiff was entitled to demand it. Since the action, the defendant has sold his whole interest to *William Emerson,* but that fact cannot avail the plaintiff in the present suit.

*Judgment for defendant.*